UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. GRUSENMEYER & ASSOCIATES, INC., | ) ) ) | CASE NO. 1: 04 CV 2381 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| DAVISON, SMITH & CERTO ARCHITECTS, INC., et al., | ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon the Motions for Summary Judgment filed by Defendants Davison, Smith & Certo Architects, Inc. and Randall Smith, William Davison, and Jeffrey Certo (collectively "Defendants") (ECF # 16, 30) and the Cross-Motion for Summary Judgment filed by Plaintiff Jeffrey A. Grusenmeyer & Associates, Inc. ("Grusenmeyer") (ECF # 32).

## I. BACKGROUND

Plaintiff is an architectural firm that was hired by Magnificat High School in Rocky River, Ohio ("Magnificat") in 1999.  Pursuant to a contract between Plaintiff and Magnificat, Plaintiff was to, *inter alia*, "Provide a master plan for the implementation of the capital improvements program, including plans, renderings, and perspectives suitable for use in presentation and future reference during the master plan implementation." (ECF # 22, Ex. B.) Among other things, Plaintiff prepared drawings of existing conditions at Magnificat, which it provided to Magnificat on a computer disk.

In 2002, Magnificat hired Defendants to design and construct a performing arts center. Magnificat provided Defendants with a disk containing the existing facilities drawings prepared

by Plaintiff.  Defendants utilized the drawings in connection with its work for Magnificat.

On September 23, 2005, Plaintiff filed an Amended Complaint against Defendants, claiming that Defendants used Plaintiff's copyrighted "existing site and building conditions" without Plaintiff's permission or consent.  (ECF # 23 at ¶ 10.)  Plaintiff further alleges that "Defendants published their infringing copies of Plaintiff's Works" as "project number 02-090 for building additions and alterations" to Magnificat.  (*Id.* at ¶ 11.)  Plaintiff asserts entitlement to monetary and injunctive relief, as well as attorneys fees and costs, as a result of Defendants' allegedly infringing conduct.  (*Id.* at ¶¶ 14-16.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

3

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

4

that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. It is with this standard in mind that the instant Motions must be decided.

### III. DISCUSSION

In their respective Motions for Summary Judgment, Defendants generally set forth three arguments.[1] First, Defendants contend that they have not infringed on a valid copyright, because the work at issue is not original. Second, Defendants assert that the contract between Plaintiff and Magnificat permits Defendants' use of the material. Third, Defendants argue that the fair use doctrine allows them to use the material at issue. To the contrary, in its Motion for Summary Judgment, Plaintiff argues that its copyright is valid, and that Defendants had no license to use its work. The Court now examines these arguments.

### A. Originality

In support of their Motions for Summary Judgment, Defendants argue that Plaintiff cannot, as a matter of law, establish a valid copyright, because the drawings are not original, as defined by copyright law. That is, Defendants contend that Plaintiff's drawings are a compilation of facts, and do not possess the requisite degree of creativity necessary for copyright protection. Conversely, Plaintiff asserts that its expression of the factual material is unique.

---

[1] As acknowledged below, the individual Defendants have also argued that they should not be held personally liable for the alleged copyright infringement. (ECF # 30.)

Plaintiff states that it used AutoCAD computer software to create the drawings, and that the types of information depicted, the level of detail, and the scale and arrangement of the information into layers in AutoCAD files are all part of the process which give rise to originality of expression, selection and arrangement in this case.

Although the originality requirement is not stringent, there is a narrow category of works that fail to meet the requirement because "the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 111 S. Ct. 1282, 1294 (1991).  In *Feist*, for example, the plaintiff was a telephone utility company that brought an action against a publisher of an area-wide telephone directory.  The plaintiff alleged copyright infringement, because the defendant's area-wide directory included listings in the plaintiff's local telephone directory.  *Id.* at 1286-87.  In rejecting the plaintiff's claim of copyright infringement, the Supreme Court stated:

> [the plaintiff]'s selection of listings could not be more obvious: It publishes the most basic information -name, town, and telephone number- about each person who applies to it for telephone service. This is "selection" of a sort, but it lacks the modicum of creativity necessary to transform mere selection into copyrightable expression.  [The plaintiff] expended sufficient effort to make the white pages directory useful, but insufficient creativity to make it original.
>
> * * *
>
> As a constitutional matter, copyright protects only those constituent elements of a work that possess more than a *de minimis* quantum of creativity. [The plaintiff]'s white pages, limited to basic subscriber information and arranged alphabetically, fall far short of the mark. As a statutory matter, 17 U.S.C. § 101 does not afford protection from copying to a collection of facts that are selected, coordinated, and arranged in a way that utterly lacks originality. Given that some works must fail, we cannot imagine a more likely candidate. Indeed, were we to hold that [the plaintiff]'s white pages pass muster, it is hard to believe that any collection of facts could fail.

*Id.* at 1296-97.  Accordingly, because the listings were "devoid of even the slightest trace of

creativity," the Court found that they were not original and not entitled to copyright protection. *Id.* at 1296.

The Second Circuit examined copyright protection as it relates to architectural drawings in *Sparaco v. Lawler, Matusky, Skelly, Engineers, LLP*, 303 F.3d 460 (2d Cir. 2002). In that case, the plaintiff was a surveyor hired to develop a "site plan" for an assisted living facility. *Id.* at 461. A site plan "specifies existing land conditions, including topography, boundaries, and physical structures, and can also specify proposed improvements to the site." *Id.* In reviewing the plaintiff's claim that the defendants infringed on the copyright of his site plan, the Second Circuit held that, to the extent that the site plan depicted existing physical characteristics, it did not constitute copyrightable expression. *Id.* at 467. More specifically, the Court stated:

> To the extent that the site plan sets forth the existing physical characteristics of the site, including its shape and dimensions, the grade contours, and the location of existing elements, it sets forth facts; copyright does not bar the copying of such facts. Facts, whether alone or as part of a compilation, are not original and therefore may not be copyrighted.

*Id.* Because the Court found that the portion of the site plan depicting existing conditions lacked originality, it held that the plaintiff's claim of infringement as to that information must fail. *Id.*

In deciding whether the drawings are original under the law, this Court must determine whether they possess more than a *de minimis* quantum of creativity. After a thorough review of the relevant law, and the arguments and evidence set forth by the parties as to this issue, the Court finds that the drawings do not constitute copyrightable expression. Like the site plan in *Sparaco*, Plaintiff's drawings set forth the existing physical characteristics of the facilities at Magnificat and, as such, they set forth facts. The Court finds that Plaintiff's decisions as to design details are not sufficiently unique so as to render the drawings protected. As explained in

*Feist*, although Plaintiff may have dedicated considerable time to the existing conditions drawings, copyright law rewards originality, rather than effort. *Feist*, 111 S. Ct. at 1296.

Similarly, Plaintiff's use of AutoCAD to create and store the information contained in the drawings does not give rise to copyright protection. Mr. Grusenmeyer made clear in his deposition testimony that Plaintiff submitted the drawings in hard copy with its copyright application, rather than in electronic format. (ECF # 36, Ex. A at 73-74.) As such, Plaintiff cannot demonstrate that it obtained a copyright for the electronic arrangement of the drawings, and its claim of infringement must fail.[2]

Based upon the foregoing, the Motions for Summary Judgment filed by Defendants (ECF # 16, 30) are GRANTED and the Cross-Motion for Summary Judgment filed by Plaintiff is DENIED (ECF # 32). Moreover, as set forth below, even had the Court found that the copyright as to the existing conditions drawings was valid, the rulings on the pending Motions would remain the same. To that end, the Court now examines the arguments relating to the contract between Plaintiff and Magnificat.

### B. Contract Between Plaintiff And Magnificat

Defendants assert that the contract between Magnificat and Plaintiff allowed Defendants to use the existing conditions drawings. More specifically, Defendants argue the following:

---

[2] Plaintiff does not deny that it submitted the drawings in hard copy, but asserts that the Fourth Circuit's decision in *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421 (4th Cir. 1986) demonstrates that the AutoCAD files are protected. (ECF # 37 at 8-9.) The Court finds Plaintiff's argument to be unconvincing. The *Kramer* case, which examined whether an audiovisual copyright of a computer game extended to the computer program that implemented the audiovisuals, involved issues distinct from those in the instant matter, and it is factually distinguishable from this case. Accordingly, the Court finds Plaintiff's assertion that copyright protects its arrangement of the files in AutoCAD to be without merit.

> Magnificat paid Plaintiff approximately $15,000 to prepare, in part, an existing condition plan. The contracted [sic] provided, in relevant part: " 3. Provide a master plan for the implementation of the capital improvements program, **including plans, renderings and perspectives suitable for use in the presentation and future reference during master plan implementation**." (Emphasis added).
>
> Article 6.1 of the Abbreviated Form Agreement, which was purportedly incorporated by reference in the contract, also permits Defendant's use of the drawings. This section provides that the drawings prepared by the architect can be utilized by the owner (Magnificat) on other drawings if agreed to in writing and if the architect is compensated. As set forth in the preceding paragraph, Plaintiff and Magnificat did agree that the plans prepared by Plaintiff could be utilized for future reference during the master plan implementation and Plaintiff was compensated for preparing the drawings.
>
> Magnificat acted in accordance with the terms of this contract when it provided the existing conditions plans to Defendant to be utilized by it in implement [sic] the master plan, namely the performing arts center. Accordingly, the contract at issue permits Defendant's use of the plans.

(ECF # 16 at 12-13.) Based upon the foregoing, Defendants claim that they are entitled to summary judgment in their favor.

In support of its cross-Motion for Summary Judgment, Plaintiff asserts that its contract with Magnificat did not require it to create the drawings of existing conditions. Plaintiff argues that it provided the drawings to Dona Koma at Magnificat "as a personal favor," and the drawings were "not transferred under any obligation created by Plaintiff's contract with Magnificat." (ECF # 22 at 13-14.) Plaintiff states, "There is a big difference between use of the 'Master Plan' described in the contract, and the unauthorized use of the AutoCAD drawings of existing conditions provided to Don Koma by Grusenmeyer for Koma's personal use as a reference in doing maintenance at Magnificat." (ECF # 35 at 4.)

Because the Court finds, as a matter of law, that the contract at issue is unambiguous, it may not attempt to discern the intent of the parties. *See United States v. Donovan*, 348 F.3d 509, 512 (6th Cir. 2003). Here, the plain language of contract called for Plaintiff to prepare a master

9

plan "for the implementation of the capital improvements program, including plans, renderings and perspectives suitable for use in the presentation and future reference during master plan implementation." (ECF # 16, Ex. B.)  As provided in the contract, the program for capital improvements included the building of a "Fine Arts/Band Practice/Auditorium type space[ ]." (*Id.*)  It is undisputed that Plaintiff provided Magnificat with existing conditions drawings, and that those drawings were used in connection with the development of the Performing Arts Center at Magnificat.  As such, the existing conditions drawings fall within the scope of Plaintiff's responsibilities under the contract, for which Magnificat paid Plaintiff approximately $15,000.[3] (*Id.*)

It is consistent with logic that drawings of existing conditions would be necessary for the implementation of the capital improvements program and would therefore be included within Plaintiff's responsibilities under the contract.  Equally logical is the fact that such drawings may be used in the implementation, in return for the compensation that Magnificat paid to Plaintiff. Accordingly, even had the Court found that the copyright as to the existing conditions drawings was valid, the Court would still grant the Motions for Summary Judgment filed by Defendants, and deny the Cross-Motion for Summary Judgment filed by Plaintiff.

Having found Defendants' Motions for Summary Judgment to be meritorious, the Court need not reach the arguments concerning the fair use doctrine or the personal liability of the individual Defendants.  Furthermore, Defendants' Motion to Strike Certain Portions of Jeffrey Grusenmeyer's Affidavit Attached to Plaintiff's Motion for Summary Judgment (ECF # 33) is

---

[3] Article 6.1 of the 1987 Edition of the Abbreviated Form of Agreement Between Owner and Architect, incorporated in the contract, further supports this conclusion by providing that others, such as Defendants, may use Plaintiff's work if agreed to in writing and accompanied by appropriate compensation.  (ECF # 16, Ex. D.)

DENIED as MOOT.

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motions for Summary Judgment are GRANTED (ECF # 16, 30) and Plaintiff's Cross-Motion for Summary Judgment is DENIED (ECF # 32). Furthermore, Defendants' Motion to Strike Certain Portions of Jeffrey Grusenmeyer's Affidavit Attached to Plaintiff's Motion for Summary Judgment (ECF # 33) is DENIED as MOOT.

IT IS SO ORDERED.


      __s/Donald C. Nugent___
      DONALD C. NUGENT
      United States District Judge


DATED: _January 25, 2006____